Honorable Herbert B. Evans Chief Administrative Judge Office of Court Administration
You have inquired as to the existence of legal authority for an offical or officials of the judiciary to regulate the subscription and legal advertising rates of a publication designated as a daily law journal.
The only specific statutory authority relating to the designation of a daily law journal is section 91 of the Judiciary Law. Subdivision 1 of that section authorizes the Justices of the Appellate Divison in the First Department to designate a "daily law journal" published within such department to publish court calendars together with notices and advertisements. Subdivision 2 of the same section authorizes the Justices of the Appellate Division in the Second Department to contract with such designated daily law journal to publish court calendars and other matters.
Under constitutional reorganization adopted in 1978, the Chief Administrative Judge on behalf of the Chief Judge of the Court of Appeals is empowered to supervise the administration and operation of the Unified Court System (State Constitution, Article VI, § 28[b]). Accordingly, the Chief Administrative Judge assumes the respective functions of the First and Second Department Appellate Division Justices with respect to designating and contracting with a daily law journal under section 91
of the Judiciary Law.
There appears to be no clear statutory authority for the Appellate Division Justices then, nor for the Chief Administrative Judge now, to regulate subscription or legal advertising rates of the designated law journal, either under Judiciary Law § 91 or under any other statute. While such rates are not directly subject to regulation, however, their reasonableness is certainly a factor which the Chief Administrative Judge can consider when designating or continuing the designation of and contracting with a daily law journal.
In regard to legal advertising rates in particular, CPLR 8007
specifies the rates allowed to be charged by newspapers for various legal insertions. As to certain newspapers (which appear to include those eligible for designation under section 91 of the Judiciary Law) CPLR8007 provides only that the rate for such publication may equal but not exceed the regularly established classified advertising rate of such newspaper. The Chief Administrative Judge naturally can verify compliance with the CPLR 8007 by any newspaper being considered for designation as a daily law journal.
As mentioned above, section 91 of the Judiciary Law is the only specific statutory authorization for designation of a daily law journal, and its application is limited to the First and Second Judicial Departments. As for the designation of newspapers in other Departments, the authority would lie in the inherent powers of the Chief Administrator under the Unified Court System. There are references to specific newspapers performing various functions in other Judicial Departments in 22B NYCRR 1110.2, 1110.4, 1110.5 and 1155.5. If any such newspaper is designated "daily law journal", this would not give any official of the judiciary clear authority to regulate its subscription or advertising rates, but again, such rates could be a factor to be considered in making or continuing the designation.
Your other question is whether the designation of a publication as a daily law journal requires competitive bidding. There is no statutory requirement that such designation must be offered competitively. The determination whether to use a competitive bidding or solicitation procedure is a matter for the administrative judgment of the Office of Court Administration.